**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KINGSLEY CHINOSO ONUWA,<br><br>          Petitioner,<br><br>    v.<br><br>PAMELA BONDI, et al.,<br><br>          Respondents. | Civil Action No. 25-15403 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Kingsley Chinoso Onuwa pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government responded to the petition. (ECF No. 11.) For the following reasons, Petitioner's habeas petition shall be granted, and the Government shall afford Petitioner with a bond hearing as required by 8 U.S.C. § 1226(a) within seven days.

By way of background, Petitioner is a native and citizen of Nigeria. (ECF No. 1 at 4.) He became a conditional permanent resident of the United States in August 2018. (*Id.*) In May 2024, however, Petitioner's conditional permanent resident status was terminated. (ECF No. 11-1 at 2.) As a result of that termination, Petitioner was placed into removal proceedings in December 2024. (*Id.*) On March 9, 2025, however, Petitioner was taken into custody by immigration officials following his return from a trip to his native land. (*Id.*) Petitioner has remained in custody since that time, and his removal proceedings are ongoing. (ECF No. 1 at 4-5.) Petitioner is currently

being detained without bond pursuant to the Government's interpretation of 8 U.S.C. § 1225(b)(2)[1] as expressed in the Board of Immigration Appeals' decision in *Matter of Hurtado*, 29 I.&N. Dec. 216 (BIA 2025). (*See* ECF No. 11 at 2.) In his habeas petition, Petitioner contends that his continued detention without bond is unlawful. (ECF No. 1.)

Since the Government's adoption of its current interpretation of § 1225(b)(2), the courts in this district have unanimously found that the plain text of that statute does not apply to aliens who were apprehended after entering and remaining in the United States for an extended time without inspection. *See, e.g.*, *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025); *Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572, at *6-7 (D.N.J. Oct. 22, 2025) (collecting cases). As this Court explained in *Aguilar Ramos*, the Government instead has authority to detain such aliens, including Petitioner, only pursuant to 8 U.S.C. § 1226(a), under which detainees are entitled to a bond hearing in which they can secure release by showing by a preponderance of the evidence that they are neither a danger nor a flight risk. *Aguilar Ramos*, 2025 WL 3251447, at *1; *See also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). As the Government essentially admits[2] that this matter is indistinguishable

---

[1] The Government does not argue in its response that Petitioner's departure from and return to the United States renders him an "arriving alien" otherwise subject to detention under § 1225, and instead incorporates by reference a brief arguing only that aliens who entered and remained in the country without inspection or admission should be considered applicants for admission. (*See* ECF No. 11 at 1-2.) The Court thus concludes that Petitioner's current detention is not based on his departure and return, but rather on his having entered the United States without inspection or admission prior to his receiving conditional permanent resident status.

[2] Although the Government "contends that Petitioner" is subject to detention as an applicant for admission under § 1225(b)(2), the Government concedes that it raises this argument "in the absence of precedential authority to the contrary from the Third Circuit" and is thus raising the argument for preservation purposes. (ECF No. 11 at 2.) The Government does not argue that this case is distinguishable from *Aguilar Ramos* or a number of other cases reaching the same conclusion in this District, nor does it attempt to provide further argument in support of Petitioner's detention aside from those this Court rejected in *Aguilar Ramos*. The Court thus interprets the Government's response as equivalent to a concession that this matter is not distinguishable.

from *Aguilar Ramos*, (*see* ECF No. 11 at 1-2), and as aliens, such as Petitioner, who enter without inspection and remain in this country for a considerable time before being apprehended are not subject to detention under § 1225(b), the Court finds that Petitioner's detention instead arises under § 1226(a) and that he is entitled to a bond hearing in accordance with the statute.

    Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a statutorily proper bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days. An order consistent with this Memorandum Opinion will be entered.

                                                      /s/ Michael A. Shipp
                                                     **MICHAEL A. SHIPP**
                                                     **UNITED STATES DISTRICT JUDGE**